PROB 12C
(7/93)

# United States District Court

## for

## District of New Jersey

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Robert Kosch     **Docket Number:** 00-00121-001
                                       **PACTS Number:** 24312

**Name of Sentencing Judicial Officer:** Honorable William G. Bassler
**Name of New Judicial Officer:** Honorable Peter G. Sheridan

**Date of Original Sentence:** 09/12/2001

**Original Offense:** Conspiracy to Commit Wire Fraud, 18 U.S.C. 371 (18 U.S.C. 1343)

**Original Sentence:** 60 months imprisonment; 3 years supervised release
**Special Conditions:** mental health testing and treatment; drug testing and treatment; $350,001.00 in restitution; full financial disclosure; no new credit; refrain from employment in the mortgage banking field or the buying and/or selling of properties

**Type of Supervision:** supervised release     **Date Supervision Commenced:** 9/29/06

**Assistant U.S. Attorney:** Mark Ferzan, 970 Broad Street, Room 502, Newark, New Jersey 07102, (973) 645-2700

**Defense Attorney:** Robert J. DeGroot, Esq. (Retained) 56 park Place Newark, New Jersey 07102 (973) 643-1930

## PETITIONING THE COURT

[ ] To issue a warrant
[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

1    The offender has violated the supervision condition which states **'You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.'**

   On his monthly reports and in statements to the probation officer made as recently as July 2009, the offender reported that he is employed with Total Access Live, LLC, an entertainment production company that was initially based at 1 Maiden Lane, 10th Floor, Manhattan, New York. Kosch later indicated that he works for the company from his home in Bloomingdale. The offender reported that he earns $2,080 monthly from Total Access Live. When asked by the probation officer if he works in the mortgage or real estate industry, the offender stated that he does not, and further stated that he knows that he has a condition of supervision which prohibits him from doing so.

   On July 10, 2007, the offender reported to the office and informed the probation

officer that his job was in jeopardy due to the fact that he was taken into custody. The probation officer offered to meet with his employer to explain the situation, but the offender declined. Kosch informed that he would be working from home within the same capacity until further notice.

On August 23, 2007, the probation officer conducted an employment visit at the offender's alleged place of employment, Total Access Live, in Manhattan. The probation officer was told by the building owner that the offender was working on the tenth floor of the building. The building owner further indicated that although the sign on the door of the offender's office read "Total Access Live," the lease was in the offender's name under the business name "SBJ Realty." The building owner provided the undersigned officer with a copy of the lease. According to the building owner, the offender owed back rent totaling $15,000 for February 2007 through June 2007. He informed the probation officer that the offender eventually left the building due to his failure to pay the electric bill, which resulted in the electricity being shut off. The building manager reported that he attempted to get the money owed in rent from the offender, but was unsuccessful.

An investigation by the probation office revealed that during this period of time, Kosch was, in fact, operating as SBJ Realty, LLC, 1 Maiden Lane, Manhattan, and opened a New York business checking account in the name of SBJ Realty at Commerce Bank in October 2006, the month after he was released from the custody of the BOP.

2  The offender has violated the supervision condition which states '**As a further special condition of supervised release, the defendant is to refrain from employment involving the mortgage banking field or the buying and/or selling of properties.**

Operating under the business names Private Lenders Referral Service, Inc., SBJ Realty, LLC, Dobolen Realty, LLC, Tiagi, Inc., and others, none of which were reported to the probation office, the offender, since at least 2007, has actively engaged in the business of buying and selling real estate properties, including, but not limited to, the properties at the following addresses:

429 State Route 23, Franklin, NJ
18 Long Hill Road, Long Valley, NJ
20 Glenbrook Road, Ogdensburg, NJ
137 Breakneck Road, Highland Lakes, NJ
6 Tenafly Court, Hewitt, NJ
208 School House Road, Oak Ridge, NJ
90 Union Turnpike, Branchville, NJ
32-34 East Shore Trail, Stockholm, NJ
384 Warwick Turnpike, Hewitt, NJ

In many instances, Kosch, doing business as Tiagi, Inc., used cash to purchase foreclosed properties, including some of the properties listed above, from banks. Kosch, using the Tiagi name, then quickly resold many of the properties to Dobolen Realty, a real estate company in which the offender has a controlling interest, using one-year construction loan mortgages. Dobolen Realty is registered to Darlene Pinto, an associate of Kosch. For many of these real estate transactions, which were not disclosed to the probation office, Kosch signed his name to deed, mortgage, and other real estate records, identifying himself as the "president," director," "managing

PROB 12C - Page 3
Robert Kosch

member," and other higher-level capacities of Tiagi, Inc., and Dobolen Realty. In several instances, Kosch sold properties to unwitting third parties. In one case, Kosch sold a property to Darlene Pinto, and in one other case Tiagi, Inc., maintained ownership of the property.

For example, on approximately June 29, 2007, Kosch, operating as Tiagi, Inc., used cash to buy the property at 18 Long Hill Road, Long Valley, New Jersey, for $473,000 from Morgan Stanley. This property went into foreclosure in April 2007. On July 3, 2007, the offender, using the Tiagi business name, sold the property to himself, operating as Dobolen Realty, for $575,000 through a one-year construction loan. In a deed dated July 3, 2007, Kosch signed his name as the "director" of Tiagi, Inc. In addition, Kosch signed his name to a Seller's Residency Certification/Exemption form dated July 3, 2007, identifying Tiagi, Inc., as the seller of the property. Moreover, in mortgage records dated July 3, 2007, for this transaction, Kosch signed his name as a "managing member" of Dobolen Realty.

On August 4, 2008, the probation officer contacted the tax collector's office in Long Valley (Washington Township), who advised that the owner of the property at 18 Long Hill Road (Dobolen Realty) had not yet paid property taxes for the first or second quarters of 2008. The tax collector further indicated that the property has been unoccupied for quite some time, and that they frequently receive complaints concerning the poor conditions of the unkept home and yard. A site visit conducted by the probation officer on August 5, 2008, revealed a single-family, two-story home in a remote, upscale residential neighborhood in Morris County. At the time of the visit, the home was unoccupied, the grass was overgrown, a window was missing from a second-floor room, and the home was generally unmaintained.

Other investigations conducted by the probation office for the other street addresses listed above yielded similar results.

| 3 | The offender has violated the supervision condition which states 'The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.' |

On his monthly reports and in statements to the probation officer, the offender consistently reported earning a modest income through his alleged employment with Total Access Live.

In 2007, the probation office initiated an investigation into the offender's financial dealings. Our investigation revealed that on June 14, 2006, Kosch, while on home confinement through a federal halfway house in Newark, opened a Commerce Bank business account under the name Private Lenders Referral Service, Inc. On the same date, Kosch signed a new account application reflecting the Private Lenders business name and listing his occupation as "distressed real estate." Bank records obtained by probation revealed Kosch used this account, which was never disclosed to our office, to conduct financial transactions through January 2008. These transactions included the issuance of numerous checks and wire transfers to and from various "realty" companies and other real estate-related companies, including Cherso Realty, Inc., Northern Home Builders, Davanne Realty, Multi Realty, LLC, Century 21, Weichert Realtors, Innovative Title Agency, LLC, Goldberg Realty, Eagle Valley

Realty, Independent Abstract Title, and Pinnacle Realty. Kosch also used this business account to pay for various personal expenses, such as car insurance, home improvement, credit card bills, telephone service, satellite television, attorney fees, and maid services. Additionally, Kosch used the Private Lenders account to write numerous checks totaling thousands of dollars to himself, as well as make numerous cash withdrawals.

A subsequent investigation by Commerce Bank revealed that between October 2, 2007, and February 7, 2008, Kosch purchased approximately 48 money orders, issued by the American Eagle Money Order Company in Newark, New Jersey, totaling $649,000. The amounts of the money orders ranged from $450 to $50,000. Commerce Bank further discovered that during the same period, the offender was using the accounts of other Commerce customers, including Darlene Pinto, Kimberly Lozado, ANA Management, LLC, Catskill Films (Mevlut Akkaya), Joseph Vivolo (a federal felon) doing business as DCV Consulting, LLC, K & O Broadcasting, Inc. (Kenneth Sperber), Michael Daniballe, Salvatore Locasio (a federal felon), and Stuart Gavzy (an attorney), to conceal the movement and origin of funds. During interviews with Commerce Bank investigators, many of the account holders stated they allowed Kosch to use their Commerce accounts to make deposits, withdraw funds, and send wires after he solicited their assistance. The account holders further stated they were unaware of the source or nature of the funds moved through their accounts by Kosch.

Overall, bank records obtained by the probation office show that from August 2007 through January 2008, Kosch made deposits into his Private Lenders business account totaling approximately $1,765,598, including deposits totaling $556,125 in the month of December 2007 alone. The account was closed by Commerce Bank in January 2008. The offender did not disclose this account or the large transactions conducted through it to the probation office. In addition, the probation office identified numerous checks and other transactions exceeding $500 that were never disclosed by Kosch, on his monthly reports or otherwise.

4            The offender has violated the supervision condition which states '**The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the restitution obligation or otherwise has the express approval of the Court.**'

At sentencing, Kosch was ordered to pay restitution in the amount of $350,001, payable in monthly installments of no less than $300. Since his release in September 2006, and based on this payment schedule, Kosch should have made restitution payments totaling approximately $10,200. However, to date, the offender has made restitution payments totaling $2,100 while on supervised release, which is $8,100 less than the total payments he should have made on his current payment schedule. Currently, Kosch is not in compliance with the payment schedule for his restitution obligation.

Kosch used the business names Private Lenders Referral Service, Inc., Tiagi, Inc., Dobolen Realty, LLC, and SBJ Realty, Inc., to covertly engage in mortgage, real estate, and other property-related transactions, including the purchase and sale of at least eleven properties in New Jersey in 2007 and 2008. In at least five instances,

the offender used one of his business names, Tiagi, Inc., to buy the properties with cash, and then quickly resold the properties to himself under another business name, Dobolen Realty, using one-year mortgages he applied for and obtained to complete the transactions.

For example, on April 9, 2007, Kosch, operating as Tiagi, Inc., purchased the commercial property at 429 State Route 23, Franklin, New Jersey, for $107,155 in cash from Haddon Acquisitions, LLC. On August 22, 2007, after transferring ownership of the property to Dobolen Realty, Kosch, without the permission of the probation office, obtained a one-year construction loan in the amount of $250,000 from Steamboat Realty, White Plains, New York.

In another case, on August 18, 2007, Kosch, under the name Tiagi, Inc., used cash to purchase the property 20 Glenbrook Road, Ogdensburg, New Jersey, for $218,500 from First Franklin Trust. On August 21, 2007, in a non-arms length transaction orchestrated by Kosch, Tiagi sold the property to Dobolen Realty. In furtherance of this transaction, Kosch signed multiple records as the "president" of Tiagi, Inc. To facilitate the purchase, and without the authorization of the Court or the probation office, Kosch, through Dobolen Realty, obtained a one-year construction loan mortgage in the amount of $250,000 from Steamboat Realty. In furtherance of this transaction, Kosch signed mortgage records dated August 24, 2007, as the "managing member" of Dobolen Realty.

On February 8, 2007, Kosch, operating as Tiagi, Inc., obtained a $100,000 mortgage loan to purchase the property at 32-34 East Shore Trail, Stockholm, New Jersey. In furtherance of this transaction, Kosch signed as the "borrower" on behalf of Tiagi, Inc., on mortgage records dated February 26, 2007. Kosch, representing himself as the "president" of Tiagi, later sold this property to Darlene Pinto.

Without the permission of the probation office, Kosch similarly obtained one-year construction loan mortgages in the amounts of $575,000 (18 Long Hill Road, Long Valley, NJ); $185,000 (137 Breakneck Road, Highland Lakes, NJ); $510,000 (208 School House Road, Oak Ridge, NJ); and $250,000 (6 Tenafly Court, Hewitt, NJ), among others. As with the transactions referenced above, the offender signed deed and mortgage records on behalf of both Tiagi, Inc., and Dobolen Realty.

Although Kosch used these properties to obtain one-year construction loans, each of which was greater than the purchase price amounts paid by Kosch in cash, the investigation by the probation office, which included site visits at many of the properties, revealed that many of home and buildings remained unoccupied, unmaintained, and, in some cases, dilapidated and in state of significant disrepair.

| | |
|---|---|
| 5 | The offender has violated the supervision condition which states '**The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.**' |

On March 17, 2008, further evidencing his unauthorized employment in the real estate field, as well as his buying and selling of properties without the knowledge or permission of the Court, Kosch, under the business name Dobolen Realty, filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court in Newark (Docket No. 08-

14671-NLW). Dobolen Realty used the offender's home address, 448 Glenwild Avenue, Bloomingdale, New Jersey, as its street address. In addition, Kosch listed himself as the sole "managing member" and "100% shareholder" of Dobolen Realty, identifying no other current or former partners, officers, directors, or shareholders.

According to the bankruptcy petition, Kosch listed the "nature of debts" as "primarily business debts" and signed records as the "managing member" and "secretary" of Dobolen Realty. In the Statement of Financial Affairs section, Kosch reported $1,100 in monthly "income from employment or operation of business" since September 2007, and he listed the source of this income as "6 Tenafly Ct.," which is reference to one of the properties the offender purchased under the Tiagi and Dobolen business names. This income was not disclosed on his monthly reports, nor was it ever reported to the probation officer, who regularly questioned Kosch concerning his employment and sources of income.

In the Schedule A of the petition, Kosch listed as "real property" the properties he purchased while operating as Dobolen Realty, including 448 Glenwild Avenue, Bloomingdale; 18 Long Hill Road, Long Valley; 137 Breakneck Road, Verona (Highland Lakes); 429 Route 23, Franklin; 6 Tenafly Court, Hewitt; and 20 Glenbrook Road, Ogdensburg. Kosch listed the "current value" of these properties, which were never disclosed to the probation office, as totaling $2,800,000.

Kosch signed the bankruptcy petition and its accompanying documents under declaration of penalty of perjury and, in a form dated April 11, 2008, signed his name as the "managing member" and "debtor" on behalf of Dobolen Realty. The bankruptcy case was dismissed on June 3, 2008, and none of the offender's debts were discharged.

6     The offender has violated the supervision condition which states '**You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.**'

Since 2007, the offender has associated and conducted financial dealings with Todd Halpern, a state and federal felon who was convicted of mail fraud and filing a false IRS claim and sentenced to 30 months imprisonment and three years supervised release on July 9, 2002, in the U.S. District Court in Newark. From November 10, 2004, until November 9, 2007, Halpern was on supervised release in New Jersey and under the supervision of the federal probation office. During this period, Halpern resided at 10 Force Hill Road, Livingston, New Jersey.

An investigation by the probation office revealed Kosch and Halpern were simultaneously incarcerated at FCI Fort Dix in New Jersey from September 10, 2002, to November 10, 2004. From May 2003 to May 2004, Kosch and Halpern were housed in adjacent quarters.

Bank records obtained from Commerce Bank indicate that on April 26, 2007, Kosch wrote and signed a check to Halpern in the amount of $1,905, drawn on his Private Lenders Referral Service account. On May 4, 2007, Kosch wrote and signed a check to Halpern in the amount of $4,200, again drawn from his Private Lenders account at Commerce Bank. Both checks were later endorsed by Halpern. On May 16, 2007, Kosch wrote a check for $60,000 to TGB Realty Services, which was a business name used by Halpern.

PROB 12C - Page 7
Robert Kosch

On July 12, 2007, Kosch wired $2,000 to Halpern and his company, TGB Realty Services, LLC, 10 Force Hill Road, Livingston, from his Private Lenders account at Commerce Bank. On July 24, 2007, the offender wired another $3,500 to Halpern and TGB Realty Services from the same account.

In February 2009, the probation officer interviewed Todd Halpern at the U.S. Probation Office in Paterson, New Jersey. Halpern confirmed that he operated under the business name TGB Realty Services, LLC, in Livingston, New Jersey, and that he went into business with the offender, supposedly buying and flipping properties for profit. Halpern reported he initially invested approximately $200,000 into the business in 2007, and that the funds were wired to the offender's Private Lenders account at Commerce Bank. Halpern further reported he has only received approximately $11,500 back from Kosch since then, and that the $60,000 check Kosch wrote to Halpern was a bad check.

7   The offender has violated the supervision condition which states '**As a condition of supervision, you are instructed to pay restitution in the amount of $350,001 to Household Investigations; it shall be paid in the following manner: monthly installments of no less than $300.**'

As noted above, the offender, paying $300 monthly, should have made restitution payments totaling $10,200 from October 2006 through July 2009. However, to date, Kosch has made payments totaling only $2,100 during this period (not including $925.45 in payments made while in BOP custody). During the same period where the offender was making monthly restitution payments of less than $300, as well as outright failing to make monthly payments, the offender was spending thousands of dollars on non-necessary monthly expenses, some of which are detailed below, and none of which were reported by Kosch on monthly reports or otherwise disclosed to the Court or the probation office. Kosch has not made a restitution payment since June 22, 2007.

In 2007, Kosch used his Private Lenders business account at Commerce Bank to make monthly payments to Merry Maids, a home cleaning service based in Newfoundland, New Jersey. For example, on January 30, 2007, the offender wrote a check for $264.81 to Merry Maids. On February 13, March 27, April 10, May 8, and May 22, 2007, the offender wrote checks to Merry Maids in the amount of $170, $159, $159, $170, and $175, respectively. Thus, in a period of less than six months, Kosch made payments to Merry Maids totaling approximately $1,097.81.

On June 21, 2006, and April 6, 2007, Kosch wrote checks to Bush's Homemade Candy, a candy store based Hawthorne, New Jersey, in the amounts of $155 and $417, totaling $572.

On May 8, 2007, the offender wrote a check in the amount of $738 to Bloomingdale Liquors, a discount liquor store located in the town where Kosch resides.

On May 26, 2007, Kosch wrote a check to "George Fotiadis, Inc.," a pool installer and supply company based in New Windsor, New York, in the amount of $3,100, and "pool dep" is written on the memo line of the check. On June 8, 2007, Kosch wrote a $10,000 check to George Fotiadis, Inc., and "pool" is written on the memo line of the check. Kosch subsequently wrote checks to this business on June 16, June 27, and July 6, 2007, in the amounts of $10,800, $5,000, and $3,000, respectively. Overall, from May 26, 2007, to July 6, 2007, the offender wrote checks

to this pool company totaling $31,900, which is 15 times the amount Kosch has paid towards his restitution in nearly three years of supervised release. In a subsequent interview with probation officers, the offender admitted that he was having a pool installed on his property at 448 Glenwild Avenue, Bloomingdale.

As of August 5, 2009, the offender's restitution balance is $346,975.

8 Specifically, Kosch was arrested on March 26, 2009 by the Bloomingdale Police Department for complaints from North Brunswick and charged with Theft by Deception and Forgery. The arrest report indicates that Mr. Kosch took $35,000 from the alleged victim and promised him a return of his money plus $5,000 from the sale of a tax lien. Mr. Kosch wrote a false check to the alleged victim in the amount of $42,861 on an account that does not exist. The charges are still pending in Middlesex Superior Court.

Respectfully submitted,

CHRISTOPHER MALONEY, Chief
U.S. Probation Officer

Erika M. Arnone
U.S. Probation Officer

EMA/

PROB 12C - Page 9
Robert Kosch

THE COURT ORDERS:

[ ] The Issuance of a Warrant
[✗] The Issuance of a Summons. Date of Hearing: Oct. 15, 2009 at 11:00 a.m.
[ ] No Action
[ ] Other

_____
Signature of Judicial Officer

9/14/09
Date